**UNITED STATES of America, Appellee,**

v.

**Lucius K. MacFARLANE, Appellant.**

**No. 24812.**

United States Court of Appeals, Ninth Circuit.

Sept. 16, 1970.

Rehearing Denied Oct. 12, 1970.

David Ostrove, (argued) Los Angeles, Cal., for appellant.

Brian J. O'Neill (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before BARNES, ELY, and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Appellant was convicted by a jury of thirty counts of mail fraud in sending some 28,957 letters to the same number of high schools in this country, suggesting that if each of said schools would pay a $25.00 registration fee to National Scholarship Foundation, a non-profit corporation organized by appellant, the foundation had the goal of awarding to one out of every fifty applicants, a scholarship, ranging in value from $250 to $5,000.

Although the name National Scholastic Foundation had been preempted in California, appellant then organized a Nevada Corporation bearing the same name but unable to do business in California under that name. It was charged (1) that he represented National Scholarship Foundation to be an established organization; (2) a non-profit concern; (3) with responsible trustees; (4) that scholarships ranging in value from $250 to $5,000 were to be awarded to "any high school student" from registered high schools; (5) that the $25.00 registration fee was to defray cost of materials to be furnished to each school; (6) that: "Both private and corporate donors have joined to help educate America. Won't you help us? Join the National Scholarship Foundation. We urgently need your support." (See Ex. 5)

Appellant urges fifteen grounds of error, six relating to the sufficiency of the evidence to convict, or the admissibility of certain evidence; others relating to the conduct, language and participation by the trial judge in the trial; one to allege improper argument of government counsel, and one to the trial court's denial of probation. A careful consideration of the 42 Govern-

ment exhibits (many containing several pages), the defendant's 23 exhibits, and the over 1,000 pages of testimony, convinces us that there was sufficient evidence of fraud to require that the case go to the jury; whose verdict is final on disputed factual issues. While there was some technical error in connection with two matters of evidence, we have concluded, in overall consideration, that the error was not so prejudicial as to require reversal. The appellant's last point (denial of probation) is not a matter with which we can be concerned in this case.

Finding no error, we affirm.